IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| A.M. CROSS TRADE LOGISTICS NETWORK, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MCWILLIAMS COLLECTIVE, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 24-cv-01021-LKG <br><br> Dated: October 31, 2025 |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

In this civil action, the Plaintiffs, A.M. Cross Trade Logistics Network, Inc. ("A.M. Cross") and Jemara International Freight Services Inc. ("Jemara"), bring breach of contract, account stated, breach of implied contract, unjust enrichment and fraudulent misrepresentation claims against the Defendants, McWilliams Collective, LLC ("Collective"), Eric L. McWilliams ("McWilliams") and Airboss Defense Group, LLC ("ADG"), arising from a Freight Forwarding Agreement (the "Agreement") to provide transportation for Defendant Collective's goods, and related warehouse and trucking needs. *See generally* ECF No. 154. The Plaintiffs have moved for leave to file a third amended complaint, pursuant to Fed. R. Civ. P. 15(a) and 16(b)(4). ECF No. 169. Defendant ADG has filed an interim motion to seal an exhibit to its response in opposition to the Plaintiffs' motion for leave. ECF No. 172. The Plaintiffs have also filed an interim motion to seal an exhibit to their reply brief. ECF No. 174. The Plaintiffs' motion for leave to file a third amended complaint is fully briefed. ECF Nos. 169, 171 and 173. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2025).

For the reasons that follow, the Court: (1) **DENIES** the Plaintiffs' motion for leave to file a third amended complaint (ECF No. 169); (2) **GRANTS** Defendant ADG's interim motion to seal (ECF No. 172); and (3) **GRANTS** the Plaintiffs' interim motion to seal (ECF No. 174).

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

The Plaintiffs commenced this civil action in the United States District Court for the Middle District of Florida on July 18, 2023.  ECF No. 1.  In the second amended complaint, the Plaintiffs bring breach of contract, account stated, breach of implied contract, unjust enrichment and fraudulent misrepresentation claims against the Defendants, arising from the Agreement for the Plaintiffs to provide transportation for Defendant Collective's goods, and related warehouse and trucking needs.  *See generally* ECF No. 154.

Specifically, the Plaintiffs assert the following ten claims in the second amended complaint: (1) Breach of Express Contract Against Defendant Collective (Count I); (2) Breach of Express Contract Against Defendant ADG (Count II); (3) Account Stated Against Defendant Collective (Count III); (4) Account Stated Against Defendant ADG (Count IV); (5) Breach of Implied Contract Against Defendant Collective (Count V); (6) Breach of Implied Contract Against Defendant ADG (Count VI); (7) Unjust Enrichment Against Defendant Collective (Count VII); (8) Unjust Enrichment Against Defendant ADG (Count VIII); (9) Fraudulent Misrepresentation Against Defendant Collective (Count IX); and (10) Fraudulent Misrepresentation Against Defendant McWilliams (Count X).  *Id.* at ¶¶ 25-99.  As relief, the Plaintiffs seek, among other things, to recover monetary damages, attorney's fees and costs from the Defendants.  *Id.* at Prayer for Relief.

The Plaintiffs have amended the complaint in this matter on two occasions.  First, on September 12, 2023, the Plaintiffs moved for leave to amend the complaint to "replace the original Counts VII and VIII (mistakenly numbered as VII) with Counts VII, VIII, IX and X," and the United States District Court for the Middle District of Florida granted that motion on September 21, 2023.  ECF Nos. 43 and 46.  Second, the Plaintiffs moved to further amend the amended complaint on November 12, 2024, "to clarify certain factual allegations, include documents obtained already through discovery, and add two additional counts for Account Stated against ADG and McWilliams."  ECF No. 151 at 1.  The Court granted this motion on January 15, 2024.  ECF Nos. 153 and 154.  Thereafter, the parties engaged in additional discovery.  ECF No. 133.

---

[1] The facts recited herein are taken from the second amended complaint.  ECF No. 154.  Unless otherwise stated, the facts are undisputed.

On April 9, 2025, the Plaintiffs filed a motion for leave to file a third amended complaint, to "add a cause of action for breach of contract as a third-party beneficiary to the Transportation Management Agreement [(the "TMA")] that was entered into between [Defendants Collective and ADG]." ECF No. 169 at 1; *see also* ECF No. 169-1. In this regard, the Plaintiffs state in their motion for leave that: (1) the depositions of the corporate representatives of Defendants Collective and ADG were taken on January 29, 2025, and March 19, 2025, respectively; and (2) based upon the deposition testimony provided, it has become clear that they are third-party beneficiaries to the TMA by and between Defendants Collective and ADG that was entered into on May 7, 2021. ECF No. 169 at 2. And so, the Plaintiffs seek leave of the Court to file a third amended complaint to add a breach of contract – third-party beneficiary claim against the Defendants. ECF No. 169-1 at ¶¶ 100-107.

Pursuant to the Court's September 3, 2024, Scheduling Order, the deadline for filing any motions to amend pleadings was December 13, 2024. ECF No. 133 at 2. In addition, fact discovery closed in this matter on May 1, 2025, and expert discovery closed on June 1, 2025, pursuant to the Scheduling Order. *Id.* at 3.

### B. Relevant Procedural History

On April 9, 2025, the Plaintiffs filed a motion for leave to file a third amended complaint. ECF No. 169. On April 23, 2025, Defendant ADG filed a response in opposition to the Plaintiffs' motion. ECF No. 171.

On April 23, 2025, Defendant ADG also filed a motion to seal an exhibit to its response in opposition to the Plaintiffs' motion for leave. ECF No. 172. On May 7, 2025, the Plaintiffs filed a reply brief. ECF No. 173. On May 7, 2025, the Plaintiffs also filed a motion to seal an exhibit to their reply brief. ECF No. 174.

The Plaintiffs' motion for leave to file a third amended complaint having been fully briefed, the Court resolves the pending motion.

### III. LEGAL STANDARDS
#### A. Fed. R. Civ. P. 15 And 16

Fed. R. Civ. P. 15(a)(2) provides that, when a party cannot amend a pleading by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant or deny leave to amend is

3

within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer v. Bank Sec., Inc.*, 479 F. App'x 475, 479 (4th Cir. 2012). And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon Commc'ns, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

"When . . . a party seeks to amend a pleading after the expiration of a deadline set forth in a scheduling order, Rule 16(b)(4) is implicated." *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 588 (D. Md. 2018). Under Rule 16(b)(4), a scheduling order may be modified to amend a pleading "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause "means that scheduling deadlines cannot be met despite a party's diligent efforts." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997)). If the moving party "was not diligent, the inquiry should end." *Kantsevoy*, 301 F. Supp. 3d at 588 (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002)).

In determining whether the moving party has met its burden to show good cause, a court may consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Id.* (quoting *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014)). And so, "when a movant fails to satisfy Rule 16(b), the court need not consider Rule 15(a)." *Id.* at 589 (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 299 (4th Cir. 2008)).

## IV.   ANALYSIS

The Plaintiffs have moved for leave to file a third amended complaint, pursuant to Fed. R. Civ. P. 15(a) and 16(b)(4), upon the grounds that good cause exists to grant leave to further amend the complaint under Rule 16(b) and the proposed amendment is proper under Rule 15(a). ECF No. 169 at 6-7. Specifically, the Plaintiffs argue that good cause exists to further amend the complaint, after the deadline for filing motions to amend pleadings, because they seek to further

4

amend the complaint "based on previously unknown facts that were obtained from depositions of the corporate representatives for Collective and ADG, the later having just concluded on March 19, 2025." *Id.* at 7.  The Plaintiffs also argue that the proposed amendment is proper under Rule 15(a), because there has been no undue delay, nor is there any prejudice to the Defendants, given that "the action for breach of contract of the TMA has been at issue for some time" and "no further discovery is needed." *Id.* at 6-7.  And so, the Plaintiffs request that the Court grant their motion for leave to file the third amended complaint.  *Id.* at 7.

Defendant ADG argues that the Court should deny the motion, because the Plaintiffs have not shown good cause to amend the amended complaint under Rule 16, due to their lack of diligence in determining any third-party rights under the TMA.  ECF No. 171 at 4-6.  Defendant ADG also argues that further amendment of the amended complaint is unwarranted under Rule 15(a), because the proposed amendment would be futile and prejudice Defendant ADG.  *Id.* at 6-13.  And so, Defendant ADG requests that the Court deny the Plaintiffs' motion.  *Id.* at 13.

The Court agrees with Defendant ADG that the Plaintiffs have not shown good cause to further amend the amended complaint after the deadline set forth in the Court's Scheduling Order.  And so, the Court: (1) DENIES the Plaintiffs' motion for leave to file a third amended complaint (ECF No. 169); (2) GRANTS Defendant ADG's interim motion to seal (ECF No. 172); and (3) GRANTS the Plaintiffs' interim motion to seal (ECF No. 174).

### A. The Plaintiffs Have Not Shown Good Cause To Amend Under Rule 16(b)(4)

As an initial matter, the Plaintiffs have not met their burden to show good cause to further amend the amended complaint after the deadline for amending pleadings set forth in the Court's September 3, 2024, Scheduling Order.  *See* ECF No. 133; *Kantsevoy*, 301 F. Supp. 3d at 588. ("When . . . a party seeks to amend a pleading after the expiration of a deadline set forth in a scheduling order, Rule 16(b)(4) is implicated.").  To show that good cause exists to allow the proposed amendment, the Plaintiffs must show that the Court's "scheduling deadlines cannot be met despite [their] diligent efforts." *Potomac Elec. Power Co.*, 190 F.R.D. at 375 (quoting *Dilmar Oil Co., Inc.*, 986 F. Supp. at 980).  The Plaintiffs have not done so in this case.

Pursuant to the Court's Scheduling Order, the Plaintiffs were required to meet a December 13, 2024, deadline for motions to amend the amended complaint.  ECF No. 133.  But, the Plaintiffs' filed the instant motion for leave on April 9, 2025, four months after this deadline. ECF No. 169.

5

A careful reading of the proposed third amended complaint also makes clear that the Plaintiffs did not exercise due diligence in appreciating that they might have a third-party breach of contract claim against the Defendants in this case, based upon the Agreement and the TMA. The proposed third amended complaint makes clear that this new claim is based upon the TMA, which the parties agree was produced to the Plaintiffs on October 21, 2024. *See* ECF No. 171 at 2; ECF No. 173 at 2. The proposed third amended complaint also makes clear that the Plaintiffs' proposed breach of contract – third-party beneficiary claim is based upon a reading and interpretation of the text of the TMA. 169-1 at ¶¶ 100-107.

While the Plaintiffs argue that they seek leave to amend based upon previously unknown facts that were first obtained during the depositions of the corporate representatives for Defendants Collective and ADG in the spring of 2025, the proposed third amendment complaint shows that the facts to support the Plaintiffs' breach of contract-third party beneficiary claim have been known to the Plaintiffs because they received the TMA in October of 2024. Given this, the Plaintiffs argue without persuasion that they lacked the core operative facts to support this new claim until March of 2024.

The Plaintiffs' lack of diligence in appreciating their proposed breach of contract – third-party beneficiary claim ends the Court's inquiry regarding their motion for leave to amend. *See Kantsevoy*, 301 F. Supp. 3d at 588 (If the moving party "was not diligent, the inquiry should end." (quoting *Rassoull*, 209 F.R.D. at 374)). Given this, the Court need not consider whether leave to amend is appropriate in this case under Rule 15(a). *See id.* at 589 (citing *Nourison Rug Corp.*, 535 F.3d at 299). And so, the Court DENIES the Plaintiffs' motion for leave to file a third amended complaint (ECF No. 169).

### B. The Court Grants The Parties' Motions To Seal

As a final matter, the Court will GRANT the parties' respective interim motions to seal certain exhibits in support of their briefs in this case. Defendant ADG has moved to seal Exhibit B to its response in opposition to the Plaintiffs' motion for leave upon the grounds that this exhibit is confidential pursuant to the Court's Protective Order (ECF No. 149) in this case and the document relates to, and discusses, confidential business dealings between Defendants McWilliams and ADG. ECF No. 172 at 1. The Plaintiffs have also moved to seal Exhibit 1 to their reply brief, upon the grounds that the subject exhibit relates to, and discusses, confidential business dealings between Defendants McWilliams and ADG and the document is confidential

6

pursuant to the Protective Order.  ECF No. 174 at 1.  No objections to these motions have been filed.

A careful review of the subject exhibits shows that the documents contain confidential business communications by and between Defendants McWilliams and ADG, that discuss business dealings and strategy.  *See* ECF Nos. 172-1 and 174-1.  Given this, the Court agrees that these documents should be treated as confidential under the Protective Order and that the release of the documents would harm the Defendants by disclosing confidential and/or proprietary business information.  The Court also finds that there are no less restrictive alternatives to sealing these documents that would sufficiently protect the confidentiality of this information.  And so, the Court: (1) GRANTS Defendant ADG's interim motion to seal (ECF No. 172) and (2) GRANTS the Plaintiffs' interim motion to seal (ECF No. 174).

### V.    CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** the Plaintiffs' motion for leave to file a third amended complaint (ECF No. 169);

(2) **GRANTS** Defendant ADG's interim motion to seal (ECF No. 172);

(3) **GRANTS** the Plaintiffs' interim motion to seal (ECF No. 174); and

(4) **DIRECTS** the Clerk to maintain Exhibit B to the Defendant's response in opposition (ECF No. 172-1) and Exhibit 1 to the Plaintiffs' reply brief  (ECF No. 174-1) **UNDER SEAL**.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge